Paul S. Seabrook - SBN: 296286
Seabrook Law Offices
2055 Junction Ave. Ste. 138
San Jose, CA 95131
Ph: 408-879-9039
E-mail: bankruptcy@seabrooklawoffices.com

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BELLA VIERRA<br><br>Debtor(s). | Case No.: 19-51444-MEH<br><br>CHAPTER 13<br><br>**MOTION TO EXTEND AUTOMATIC STAY AS TO ALL CREDITORS**<br><br>NO HEARING REQUIRED |

**MOTION TO EXTEND AUTOMATIC STAY**

Debtor, BELLA VIERRA ("Debtor"), brings this motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) and hereby moves this Court for an Order extending the automatic stay with respect to all Debtor's creditors for the duration of this case. This motion is made on the grounds that the present case was filed in good faith and that the continuation of the automatic stay is necessary to protect and preserve the rights of Debtor.

- 1 -

MOTION TO EXTEND AUTOMATIC STAY AS TO ALL CREDITORS
Case: 19-51444    Doc# 13    Filed: 07/29/19    Entered: 07/29/19 09:35:56    Page 1 of 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

When a debtor had a pending but dismissed bankruptcy within one year prior the filing of his or her current bankruptcy, under 11 U.S.C. § 362(c)(3)(B) a court may extend the debtor's automatic stay protection. Before a court may grant an extension of the automatic stay, the court must find that the four minimum requirements articulated in 11 U.S.C. §362(c)(3)(B) have been met. Specifically, § 362(c)(B) requires: (1) the filing of a motion; (2) notice and a hearing on that motion; (3) the hearing must be held before the expiration of the thirty day stay provided; and (4) the debtor must prove that the filing of the current case was done in good faith as to the creditors stayed. *In re Elliott-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal 2006) (citing *In re Castaneda*, 342 B.R. 90, 93 (Bankr. S.D. Cal. 2006)). The debtor has the burden of proof to establish the above-mentioned requirements. *Id*. at 814.

With the filing and serving of this Motion, as well as the scheduling of the hearing date prior to the thirty-day expiration period of the automatic stay, the first three requirements of §362(c)(3)(B) will be satisfied by the time of the hearing on this matter.

## II. STATEMENT OF FACTS

1. Debtor filed a previous Chapter 13 bankruptcy on January 1, 2017. That case was dismissed on May 17, 2019. (Case No. 17-10003 (Western District of Texas).
2. The previous bankruptcy dismissed upon the motion of the Chapter 13 Trustee for failure to make plan payments. The Debtor suffered a temporary loss of income from both her job and the renters that occupy her real estate in Texas.
3. Debtor's current case was filed on <u>July 18, 2019</u>.
4. The purpose of the current bankruptcy is to provide the Debtor with the financial relief to which they are entitled under the Bankruptcy Code.
5. The Debtor has replaced her income and now has the support of her family to help assist with any shortfall that may arise in her personal finances.

6. Debtor filed a Chapter 13 Petition for Bankruptcy in good faith. Debtor has absolutely no intent to delay, or harm creditors in any way but merely is attempting to avail themselves of their rights under the Bankruptcy Code with this filing.

## III. A PRESUMPTION AGINST FILING IN GOOD FAITH DOES NOT ARISE IN THIS CASE

Debtor's current Petition for Bankruptcy was filed in good faith as it was done so to secure the protection of the bankruptcy court and to discharge unsecured, non-priority debt. In some circumstances however, a presumption against good faith arises. Those circumstances, as stated in 11 U.S.C. §362(c)(3)(C), are: "(1) the debtor had more than one case pending in the preceding year; (2) the first case was dismissed because the debtor failed to (a) file or amend the petition or other documents without substantial excuse, (b) provided court-ordered adequate protection, or (c) perform the terms of a confirmed plan; or (3) there is no substantial change in the debtor's affairs and no other reason to believe the case will result in a fully performed chapter 13 plan." *Elliott-Cook* 357 B.R. at 814(citing *Castaneda* 342 B.R. at 94).

Here, although Debtor's previous Chapter 13 Petition for Bankruptcy was dismissed, Debtor has made significant progress in stabilizing her financial situation wherein this Chapter 13 plan can be funded. Given these circumstances, the presumption against filing in good faith does not arise in this matter. As a result, "[w]here no presumption arises, and no party objects, a request to extend the stay should be liberally granted." *In re Resto-Perez*, 2006 Bankr. LEXIS 3697, 3704 (Bankr. N.D. Cal. 2006).]

## IV. THE DEBTOR'S FILING OF THE CURRENT PETITION FOR BANKRUPTCY WAS DONE IN GOOD FAITH

To determine whether a debtor filed his or her petition in good faith, courts will examine the totality of the circumstances. *Elliott-Cook*, 357 B.R. at 814. When examining the totality of the circumstances, the 9th Circuit uses the following four factors to determine whether a debtor filed a Chapter 13 petition in good faith: "(1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an

inequitable manner; (2) debtor's history of filings and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present." *Id*. at 96 (citing *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999)).

Additionally, the Bankruptcy Court for the Northern District of California has concluded that many of the relevant factors enunciated in *In re Warren*, 89 B.R. 87 (BAP 9th Cir. 1988), which determine a good faith filing of a Chapter 13 plan, also apply to the totality of the circumstances test. *In re Resto-Perez* at 3702-3 (Bankr. N.D. Cal. 2006) (citing *In re Warren*, 89 B.R. at 93). The factors articulated in *In re Warren* are:

> "(1) The amount of the proposed payments and the amounts of the debtor's surplus; (2) The debtor's employment history, ability to earn, and likelihood of future increases in income; (3) The probable or expected duration of the plan; (4) The accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court; (5) The extent of preferential treatment between classes of creditors; (6) The extent to which secured claims are modified; (7) The type of debt sought to be discharged, and whether any such debt is nondischargeable in Chapter 7; (8) The existence of special circumstances such as inordinate medical expenses; (9) The frequency with which the debtor has sought relief under the Bankruptcy Reform Act; (10) The motivation and sincerity of the debtor in seeking Chapter 13 relief; and (11) The burden which the plan's administration would place upon the trustee."

*In re Warren*, 89 B.R. at 93.

Additionally, after the enactment of BAPCPA, courts have modified the above *Warren* factors to include the following new factors: "(12) the timing of the petition; (13) how the debt(s) arose; (14) the debtor's motive in filing the 2nd petition; (15) how the debtor's actions affected creditors; (16) why the debtor's prior case was dismissed; (17) the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to fund a plan; and (18) whether the trustee or creditors object to the motion to continue the stay." <u>*In re Resto-Perez*</u> at 3704.

Here, the *Warren* factors, modified by courts interpreting BAPCPA, favor extending the automatic stay. First, Debtor did not misrepresent facts in either the Petition or the Plan and their history of filings indicate that their use of the bankruptcy code is for appropriate reasons. Second, there have been no allegations, nor any evidence presented, that Debtor filed this current Petition to

defeat state court litigation.  Similarly, the Debtor has not engaged in any egregious behavior with respect to the filing of this Petition.  Given this, and Debtor's current ability and commitment to funding a current Chapter 13 Plan, the totality of the circumstances indicates that this Petition was filed in good faith.

**CONCLUSION**

With no presumption of bad faith arising, the totality of circumstances discussed herein favors an extension of the automatic stay for the duration of the Debtor's Chapter 13 Bankruptcy.

Dated: July 29, 2019

*/s/ Paul Seabrook*
Paul Seabrook
Attorney for Debtor(s)