# Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that debtors understand their attorney's responsibilities and the importance of communicating with their attorney to make the case successful. Debtors should know which services their attorneys are supposed to perform. In order to ensure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

**I.  BEFORE THE CASE IS FILED**

**A.  The debtor agrees to:**

1. Provide the attorney with accurate financial information concerning income and expenses, and assets and liabilities.

2. Discuss with the attorney the debtor's objectives in filing the case.

**B.  The attorney agrees to perform the following "Basic Services":**

1. Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.

2. Counsel the debtor regarding the advisability of filing a case under either chapter 7 or Chapter 13, discuss both types of cases with the debtor, and answer the debtor's questions.

3. Advise the debtor of the requirement for (and procedures involved in) obtaining a credit counseling certificate and completing the debtor financial management course.

4. Advise the debtor of the requirement for providing documentation of income and tax return filings.

5. Explain which payments will be made directly by the debtor and which payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims that accrue interest.

6. Explain to the debtor how, when, and where to make the Chapter 13 plan payments, including the use of electronic payments through NationWide TFS.

7. Explain to the debtor how the attorney's fees and Chapter 13 Trustee's fees are paid and provide an executed copy of this document to the debtor.

8. Explain to the debtor that the first plan payment must be made to the Chapter 13 Trustee by the 20th day of the month following the month the petition is filed.

*Effective for cases filed on or after January 1, 2019*

9. Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct the debtor of the date, time, and place of the meeting, including the need to bring photo identification and proof of his or her social security number or tax identification number.

10. Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or on leased vehicles.

11. Timely prepare and file the debtor's petition, plan, statements, and schedules.

## II. AFTER THE CASE IS FILED

### A. The debtor agrees to:

1. Keep the Chapter 13 Trustee and debtor's attorney informed of the debtor's address and telephone number.

2. Inform the attorney of any wage garnishments or attachments of assets that occur or continue after the filing of the case.

3. Inform the attorney promptly if the debtor loses his/her job or has other financial problems.

4. Inform the attorney if the debtor is sued during the case.

5. Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.

6. Inform the attorney before buying, refinancing, or selling real property or before entering into any long-term loan agreements, to learn if any approvals are required.

7. Pay directly to the attorney any filing fees and expenses that may be incurred.

8. Inform the attorney about any loan modification applications, including requests for additional documents, and the grant or denial or other action on any such application.

### B. The attorney agrees to provide the following "Basic Services":

1. Appear at the 341 Meeting of Creditors with the debtor.

2. Respond to objections to plan confirmation, and when necessary, prepare an amended plan.

3. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.

*Effective for cases filed on or after January 1, 2019*

4. Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.

5. Prepare, file, and serve necessary motions to sell or refinance real property when appropriate.

6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.

7. Represent the debtor in motions for relief from stay.

8. Represent the debtor in motions to dismiss or convert.

9. When appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

10. Review debtor's annual reports.

11. Monitor debtor's submission of annual tax returns to Chapter 13 Trustee when the Trustee requests them.

12. Respond to continuing creditor inquiries.

13. Maintain contact with debtors regarding changes in his or her financial situation during the Chapter 13 case.

14. Assist with and ensure debtor's submission of appropriate declarations and other requirements for obtaining discharge.

15. In connection with any of debtor's loan modification applications, keep the Chapter 13 Trustee up to date and amend the Chapter 13 plan as appropriate.

16. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

### III. GUIDELINE FEES

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases" for the Northern District of California provide for presumptively reasonable initial fees in the following amounts:

**Initial Fees**

| If the Case Involves | Allowable Fees |
|---|---|
| Basic case | $4,500 |

*Effective for cases filed on or after January 1, 2019*

| | |
|---|---|
| Operating a business | $2,500 |
| Real property with secured claim(s) (first parcel) | $1,500 |
| Additional real property claim with encumbrances greater than $10,000 | $800 per additional parcel |
| Tax claims | $800 |
| For cases with 25 or more creditors | $300 |
| Vehicle loans or leases | $800 |
| Domestic support arrears | $800 |
| Motion to extend or impose automatic stay | $800 |

Initial fees charged in this case are $ 5000_____.

In addition to these presumptively reasonable fees, in the following situations the attorney may apply to the court for the additional fees shown below which shall be approved upon application:

**Add on Fees**

| If the Case Involves | Allowable Fees |
|---|---|
| Motion to avoid judicial lien as to real property | $1,500 (one fee per property) Court encourages consolidated motion for judicial lien avoidance |
| Motion or adversary proceeding to value and/or avoid real property liens, including obtaining final order | $1,500 for first lien; $500 each additional lien on same property |

*Effective for cases filed on or after January 1, 2019*

| | |
|---|---|
| Plan modifications (no amended Schedules I & J) | $600 |
| Plan modifications (with amended Schedules I & J) | $900 |
| Motion or applications to sell, refinance, convey title, purchase real property -- no hearing required | $800 |
| Motion to sell, refinance, convey title, purchase real property -- hearing required | $1,100 |
| Motion for relief from stay opposition -- personal property | $600 |
| Motion for relief from stay opposition -- real property | $900 |
| Post-confirmation motion to dismiss, but only if counsel appears at the hearing | $500 |
| Opposition to Trustee's motion to modify plan | $800 |
| Objection to claims | $400 |
| Entry into and completion of the Mortgage Modification Mediation Program (the "MMM Program") | $2,500 + $100 in costs (requires declaration detailing costs) |

**IV.     ADDITIONAL FEES**

In addition, if the presumptively reasonable fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered and costs incurred in the case, the attorney further agrees to apply to the court for approval of additional fees and costs, attaching a supporting declaration with time records verifying the fees and costs as reasonable, necessary, and not previously compensated. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

If the debtor disputes the legal services provided or the fees charged by the attorney, debtor may file an objection with the court and set the matter for hearing. Debtor's attorney may move to withdraw or the debtor may discharge his or her attorney at any time.

*Effective for cases filed on or after January 1, 2019*

Date: 7/20/19    Signature: /s/ Bella Vierra
                            Debtor

Date: _____    Signature: _____
                                Joint Debtor

Date: 7/20/19    Signature: /s/ Paul Seabrook
                            Attorney

*Effective for cases filed on or after January 1, 2019*